**Nirmal SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72137.

Agency No. A76–679–398.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Linda S. Wernery, Esq., William C. Minick, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Nirmal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir. 2003), and we deny the petition for review.

The IJ identified several material inconsistencies within Singh's testimony, and between his testimony and written declaration, regarding his involvement with Akali Dal Mann, where he was arrested, and how many people he was arrested with. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151–52 (9th Cir.1999). The record does not compel the conclusion that Singh's testimony was credible. *See id.* Accordingly, Singh failed to establish eligibility for asylum or withholding of removal. *See Malhi,* 336 F.3d at 993.

Substantial evidence supports the IJ's conclusion that Singh is not entitled to relief under the CAT because he did not demonstrate that it is more likely than not that he would be tortured upon return to India. *See id.*

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

